NORTH STAR GRANITE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37299.    Promulgated November 6, 1930.

*Henry A. Johnson, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

224

OPINION.

TRUSSELL: The petitioner contends that the amounts which it paid to the appraisal and audit companies were not organization expenses because the appraisal and audit were not used for any purpose in the consolidation of the four granite companies after the proposed bond issue had not materialized. Petitioner further contends that the appraisal and audit were made solely for the use of Lane, Piper & Jaffray, that petitioner has never made any use thereof, and that the amounts paid by petitioner to the American Appraisal Co. and Arthur Anderson & Co. constituted either a business expense or a loss to petitioner.

The record establishes that the total cost of the appraisal and audit amounted to $6,992.46 for the six companies included in the proposed consolidation and that such cost was prorated among all six. The record does not show for what amount each company became individually liable, nor does it show exactly what amount the petitioner paid in settlement of the liabilities of the four com-

panies which consolidated and formed the petitioner. However, the record clearly establishes that the amounts paid by petitioner to the American Appraisal Co. and Arthur Anderson & Co. were paid in settlement of the individual liability of each of the four companies incurred by each of them prior to the consolidation and that the expenditure was not an expense incurred in the carrying on of the petitioner's business or a loss sustained by this petitioner, within the meaning of sections 234 (a)(1) and 234 (a)(4), of the Revenue Act of 1926, which sections became effective as of January 1, 1925, pursuant to section 286 of the said act.

With respect to the amount of $1,475.37 paid to Curtis Wise by the petitioner during 1925, and claimed by petitioner as a proper deduction in that year as a business expense, the record establishes that prior to the employment of Wise by petitioner the consolidation of the four companies had been perfected on the basis of their respective book values on November 30, 1924, and that Wise took no part in the organization of the petitioner. The testimony is that the audit made by Wise in no way affected the basis of consolidation agreed upon by the four companies nor the proportions of petitioner's stock issued to the stockholders of the said companies prior to the employment of Wise.

We are of the opinion that the amount of $1,475.37 paid to Wise did not constitute an organization expense, but rather an ordinary and necessary business expense and deductible as such, within the meaning of section 234 (a) (1) of the Revenue Act of 1926. The petitioner made the said expenditure for an audit of its accounts, which, in view of the recent consolidation of four going concerns and the continuation of their business enterprises, included the accounts of its four predecessor corporations, and such audit amounted to no more than the usual annual audit made by many concerns whose businesses continue from year to year. Wise was employed for the purpose of making an audit for the petitioner and the fact that the services for which he was paid $1,475.37 included the preparation of the tax returns of the four predecessor corporations does not change the character of the said item as a business expense, for the petitioner had taken over all of the assets and the books and records of the four old corporations, and, further, it was incumbent upon petitioner to pay the income taxes determined to be due from the said companies for 1924.

*Judgment will be entered pursuant to Rule 50.*